# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| PASQUALE CIANCI et al., | : | **Civil Action No. 18-14740 (SRC)** |
|  | : |  |
| Plaintiffs, | : |  |
|  | : |  |
| v. | : | **OPINION & ORDER** |
|  | : |  |
| ATM-TEX, LLC et al., | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

## CHESLER, District Judge

This matter comes before the Court on the motion for reconsideration by Plaintiffs Pasquale Cianci and Mary Beth Cianci (collectively, "Plaintiffs"). Plaintiffs seek reconsideration of this Court's Order entered December 20, 2018, which denied Plaintiffs' motion to remand on the ground that Defendant Andres E. Bussatti-Perez ("Bussatti") changed his domicile after the initiation of the litigation. Plaintiffs contend that, under Third Circuit law, federal diversity jurisdiction is determined by examining the citizenship of the parties at the time the action is commenced, and Bussatti was a citizen of the State of New Jersey at that time, as are Plaintiffs, precluding complete diversity. Plaintiffs are correct. "[J]urisdiction is to be tested by the status of the parties at the commencement of the suit." Knop v. McMahan, 872 F.2d 1132, 1138 (3d Cir. 1989).

Under Third Circuit law, a motion for reconsideration:

> should be granted only where the moving party shows that at least one of the
> following grounds is present: (1) an intervening change in the controlling law; (2)
> the availability of new evidence that was not available when the court [made its
> initial decision]; or (3) the need to correct a clear error of law or fact or to prevent

manifest injustice.

In re Energy Future Holdings Corp., 904 F.3d 298, 311 (3d Cir. 2018).  A grant of the motion for reconsideration is appropriate because of the need to correct a clear error of law.

In opposition, Defendants argue that the motion should be denied as procedurally defective.  Defendants argue, in essence, that Plaintiffs have now raised a new argument, not previously presented to this Court, and thereby waived.  Defendants also argue that Bussatti was never properly served.  These points are unpersuasive.  The Third Circuit has held:

> A federal court has the obligation to address a question of subject matter jurisdiction *sua sponte*.  In particular, in removal cases, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  As we said in *Liberty Mutual Insurance Co. v. Ward Trucking Corp.*, this statute enables "a district court to address the question of jurisdiction, even if the parties do not raise the issue."

Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999) (citations omitted), overruled on other grounds by Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546 (2005).  Because this Court is obliged to address questions of subject matter jurisdiction *sua sponte*, and at any time, waiver of new arguments is unavailable as a defense: a challenge to subject matter jurisdiction may be raised at any time and this Court must consider it.  The question of whether Bussatti was properly served is irrelevant to the question of whether diversity jurisdiction is proper.

The Court concludes that it erred in denying Plaintiffs' motion to remand.  Diversity jurisdiction is determined based on the status of the parties at the commencement of the suit. Defendants do not dispute that, as of the date the suit was commenced, the parties were not completely diverse.  The motion for reconsideration is granted to correct the clear legal error. The Order entered December 20, 2018 will be vacated and the motion to remand will be granted.

For these reasons,

**IT IS** on this 28th day of January, 2019

**ORDERED** that Plaintiffs' motion for reconsideration (Docket Entry No. 13) is **GRANTED**; and it is further

**ORDERED** that this Court's Order entered December 20, 2018 (Docket Entry No. 12) is **VACATED**; and it is further

**ORDERED** that Plaintiffs' motion to remand (Docket Entry No. 6) is **GRANTED**, and the case is **REMANDED** to the Superior Court of New Jersey.

                                       <u>  s/ Stanley R. Chesler     </u>
                                         Stanley R. Chesler, U.S.D.J